MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

UNITED STATES OF AMERICA,

         Plaintiff,

    - v. -

SALVADOR E. ROSILLO,

         Defendant.
-------------------------------------------------------------------x

JUDGE RAKOFF

VERIFIED COMPLAINT

07 Civ.

07 CIV 6027

    Plaintiff United States of America (the "United States"), by and through its

attorney, Michael J. Garcia, United States Attorney for the Southern District of New York,

alleges upon information and belief that:

    1.   Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

    2.   Defendant Salvador E. Rosillo (the "defendant") resides at 78 Reade

Street, New York, NY 10007, within the Southern District of New York.

FIRST CAUSE OF ACTION

    3.   Defendant applied for and received a student loan from the lender whose

name is set out in the defendant's promissory note(s) evidencing the loan, copies of which are

annexed hereto as Exhibit A and incorporated herein.

    4.   Defendant defaulted on said note(s) and owes the amount said note(s) and

WHEREFORE, plaintiff demands judgment against defendant in the amount of

$47,348.91 plus interest as provided by law to the date of judgment and interest from the date of

judgment at the legal rate until paid in full, together with costs and disbursements and for such

other and further relief as this Court deems just and proper.

Dated: New York, New York

June 25, 2007

> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
>     Attorney for the Plaintiff
>
> By: _____
>     KATHLEEN A. ZEBROWSKI
>     Assistant United States Attorney
>     86 Chambers Street
>     New York, New York  10007
>     Telephone No.:  (212) 637-2710

VERIFICATION

STATE OF NEW YORK                        )
COUNTY OF NEW YORK                   : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

       KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an

Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for

the Southern District of New York, that she has read the foregoing complaint, and that the same

is true and accurate to the best of her knowledge and belief.

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this 25th

day of June, 2007

NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5097140
Qualified in Kings County
Commission Expires May 5, 2011

CHEMICAL BANK
770 BROADWAY
NEW YORK, NEW YORK

**ANNUAL PERCENTAGE RATE:**
(a) Disbursements Prior to 7/1/72
(b) Disbursements After 7/1/72

FOR VALUE RECEIVED, I promise to pay to the order of ............ CHEMICAL BANK
770 BROADWAY
NEW YORK, NEW YORK, 10003

| Loans Eligible for Federal or State Interest Payments | | | Loans on which Interest is to Be Paid by Borrower | | |
|---|---|---|---|---|---|
| Date Disbursed | Amount Disbursed | Interest Rate | Date Disbursed | Amount Disbursed | Interest Rate |
| 12-2- 19 70 | $ 1000 | 7 % | 19 | $ | % |
| 1-30- 19 71 | $ 500 | 7 % | 19 | $ | % |
| 9-14- 19 71 | $ 1000 | 7 % | 19 | $ | % |
| 11-21- 19 72 | $ 1500 | 7½ % | 19 | $ | % |
| 1-21- 19 73 | $ 750 | 7½ % | 19 | $ | % |
| 9-21- 19 73 | $ 2500 | 7½ % | 19 | $ | % |

ROSILLO - DOMINGUEZ, SALVADOR.

Pay to NYHEAC Without Recourse and Without Warranty

| | Amount Financed | | |
|---|---|---|---|
| | 6% LOANS | 7% LOANS | COMBINED AMOUNT |
| | | | |

By _____

_(Authorized Signature)_ _(Title)_

## INTERM PROMISSORY NOTE

447

**ANNUAL PERCENTAGE RATE:**

(a) Disbursements Prior to 7/1/72

(b) Disbursements After 7/1/72

FOR VALUE RECEIVED, I promise to pay to the order

United States currency at

*[handwritten]* Thousand and ————

1. The last day of the ninth calendar month following...
2. The last day of the ninth calendar month following...
   full-time or part-time (not less than six (6)...
   learning or a full-time or part-time (not less than...
3. I fail to make prompt enrollment in the educational...
4. I fail to make interest payments as required by the...

A. If I am granted an additional loan under the loan...
B. The Lender may, in its discretion, pay for me the...
C. No extension of day for the payment of all or any...
D. By reason of the provisions of Article 14 of the...

| Loans Eligible for Federal or State Interest Payments | | |
|---|---|---|
| Date Disbursed | Amount Disbursed | Interest |
| 10-2-, 1970 | $ 1000.- | 70 |
| 5-30-, 1971 | $ 500.- | 70 |
| 11-15-, 1971 | $ 1000.- | 70 |
| 4-15-, 1972 | $ 500.- | 72 |
| 5-2-, 1973 | $ 250.- | 72 |
| , 19 | $ | |

*[signature]*

ROSILLO-DOMINGUEZ, SALVADOR



I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
*S. Mc Ritchie*   11-29-06

(2)    If the maker undertakes service as a full time teacher in a public or other non-
profit elementary or secondary school or institution of higher education (in
a State, or, Puerto Rico, the District of Columbia, Canal Zone, Guam or the
Virgin Islands), or in an elementary or secondary school overseas of the Armed
Forces of the United States, the amount of this note shall be reduced at the rate
of ten per centum of the total Amount Financed plus the FINANCE CHARGE
thereon for each complete academic year or its equivalent (as determined
under the regulations of the Commissioner) of such service up to a maximum
of 50 per centum of the Amount Financed plus FINANCE CHARGE thereon.

(3)    If, commencing with the academic year 1966-67 the maker undertakes the
service as a full-time teacher in a public or nonprofit elementary or secondary
school, which is in the school district of a local educational agency which is
eligible in such year for assistance pursuant to Title II of Public Law 81-874,
as amended, and which, for purposes of this clause, for that year has been de-
termined by the Commissioner, to be a school in which there is a high concen-
tration of students from low-income families, or undertakes service as a full
time teacher of handicapped children as defined in the Act, in a public or other
nonprofit elementary or secondary school system, the amount of this loan shall
be reduced at the rate of 15 per centum of the total Amount Financed plus the
FINANCE CHARGE thereon for each complete academic year or its equivalent
(as determined under regulations of the Commissioner) of such service.

(4)    In the event of the maker's death or total and permanent disability the unpaid
indebtedness hereunder shall be canceled.

(5)    The maker is responsible for informing the institution of any change or changes
in his address.

(6)    Notwithstanding the repayment schedule otherwise calculable pursuant to para-
graph 1, the maker shall repay the Amount Financed at the rate of not less than
$15 per month. In the event the maker receives or has received other National
Defense Student Loans at one or more other institutions, he shall repay this
note at a monthly rate equal to not less than the amount by which $15 exceeds
the total monthly rate of repayment on all such other loans.

(7)    In the event the maker fails to make payment of any instalment when it is due,
or if the maker is entitled to deferment benefits under Section III of this note
and fails to file evidence thereof, a late charge of $1 per month for the first
month or part thereof by which such instalment or evidence is late and $2
per month for each succeeding month shall be payable to the institution not
later than the due date of the next instalment after receipt by the borrower
of notice of the assessment, or, at the institution's option, such amount may
be added to the Amount Financed.

(8)    In the event of non-payment of any amount when due according to the terms of
this note, and such default continues for a period of 90 days, then at the option
of the institution, the entire unpaid loan balance shall forthwith become due
and payable without notice or demand.

(9)    The maker hereby expressly waives the defense of the Statute of Limitations,
and all other defenses arising out of any lack of diligence in enforcing the pay-
ment hereof.

(10)    The laws of the State of New York shall govern this note.

IV.  The maker hereby certifies that he has listed below all of the National Defense Student Loans obtained at other institutions.

| SCHEDULE OF NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS | | | |
|---|---|---|---|
| AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
| **1** | | | |
| **2** | | | |

| SCHEDULE OF ADVANCES | | |
|---|---|---|
| AMOUNT | DATE | SIGNATURE OF MAKER |
| **1** 34862   4/5/71   $723.00 | APR 12 '71 | |
| **2** | | |
| **3** | | |
| **4** | | |
| **5** | | |
| **6** | | |

The maker may, at his option, and without penalty, prepay at any time all or any part of the Amount Financed plus the FINANCE CHARGE accrued to the date of payment.

A.  The Amount Financed by this note is ___$723.00___

B.  The FINANCE CHARGE on this loan, assuming payments are made when due, will be ___$44.46___

C.  The Total of Payments (a) & (b) ___$767.46___

D.  ANNUAL PERCENTAGE RATE ___3%___

The maker acknowledges receipt of an exact copy of this statement.

MAR 24 '71

DATE

SIGNATURE – MAKER

ADDRESS

NATIONAL DEFENSE STUDENT LOAN PROGRAM

Promissory Note

New York, New York 10027

I, _Salvador E. Rosillo_ , ("the maker"), promise to pay to the order of The Trustees of Columbia University in the City of New York ("the institution"), located at Morningside Heights, City of New York, State of New York, the sum of _One Thousand_ Dollars ($ _1,000.00_ ) (the Amount Financed) or so much thereof as may, from time to time, be advanced to me and endorsed hereon in the Schedule of Advances together with all attorney's fees and other costs and charges for the collection of any amount not paid when due according to the terms of this note.

I. Repayment of the Amount Financed together with the FINANCE CHARGE thereon, shall be made over a period commencing after the date on which the maker ceases to carry at an institution of higher education (as defined in the National Defense Education Act of 1958 as amended and regulations pertaining thereto) or at a comparable institution outside the United States approved for this purpose by the Commissioner of Education of the United States at least one-half the full-time academic workload as determined by the institution granting the loan and ending ten years and nine months after such date. A FINANCE CHARGE at the ANNUAL PERCENTAGE RATE of 3% of the unpaid balance shall accrue from the beginning of the repayment period. Repayment of the Amount Financed shall be made in equal monthly instalments in accordance with a promissory note and repayment schedule which, when agreed upon, shall be attached to and made a part of this note, or, if the maker so requests, in graduated instalments determined in accordance with such schedules as may be approved by the institution of the Commissioner and attached to and made a part of this note.

II. All sums advanced pursuant to this note are drawn from a fund created under the National Defense Education Act of 1958, as amended ("the Act"). Such terms of this note as are subject to interpretation shall be construed in the light of the Act and federal regulations pertaining thereto, a copy of which regulations shall be kept by the institution.

III. This note is also subject to the following conditions:

(1)    No FINANCE CHARGE shall accrue on the loan, and instalments need not be paid during any period (a) during which the maker is carrying at an institution of higher education or at a comparable institution outside the United States, approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload as determined by the institution. (b) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (c) not in excess of three years during which the maker is in service as a volunteer under the Peace Corps Act or (d) not in excess of three years during which the maker is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1964. Any such period in (a), (b), (c), or (d) shall not be included in determining the ten-year period during which repayment must be completed. Such ten year period may also be extended for good cause determined in accordance with regulations of the Commissioner of Education.

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
S. Mc Ritchie    11-29-06

(2)    If the maker undertakes service as a full time teacher in a public or other non-profit elementary or secondary school or institution of higher education (in a State, or, Puerto Rico, the District of Columbia, Canal Zone, Guam or the Virgin Islands), or in an elementary or secondary school overseas of the Armed Forces of the United States, the amount of this note shall be reduced at the rate of ten per centum of the total Amount Financed plus the FINANCE CHARGE thereon for each complete academic year or its equivalent (as determined under the regulations of the Commissioner) of such service up to a maximum of 50 per centum of the Amount Financed plus FINANCE CHARGE thereon.

(3)    If, commencing with the academic year 1966-67 the maker undertakes the service as a full-time teacher in a public or nonprofit elementary or secondary school, which is in the school district of a local educational agency which is eligible in such year for assistance pursuant to Title II of Public Law 81-874, as amended, and which, for purposes of this clause, for that year has been de-termined by the Commissioner, to be a school in which there is a high concen-tration of students from low-income families, or undertakes service as a full time teacher of handicapped children as defined in the Act, in a public or other nonprofit elementary or secondary school system, the amount of this loan shall be reduced at the rate of 15 per centum of the total Amount Financed plus the FINANCE CHARGE thereon for each complete academic year or its equivalent (as determined under regulations of the Commissioner) of such service.

(4)    In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be canceled.

(5)    The maker is responsible for informing the institution of any change or changes in his address.

(6)    Notwithstanding the repayment schedule otherwise calculable pursuant to para-graph 1, the maker shall repay the Amount Financed at the rate of not less than $15 per month. In the event the maker receives or has received other National Defense Student Loans at one or more other institutions, he shall repay this note at a monthly rate equal to not less than the amount by which $15 exceeds the total monthly rate of repayment on all such other loans.

(7)    In the event the maker fails to make payment of any instalment when it is due, or if the maker is entitled to deferment benefits under Section III of this note and fails to file evidence thereof, a late charge of $1 per month for the first month or part thereof by which such instalment or evidence is late and $2 per month for each succeeding month shall be payable to the institution not later than the due date of the next instalment after receipt by the borrower of notice of the assessment, or, at the institution's option, such amount may be added to the Amount Financed.

(8)    In the event of non-payment of any amount when due according to the terms of this note, and such default continues for a period of 90 days, then at the option of the institution, the entire unpaid loan balance shall forthwith become due and payable without notice or demand.

(9)    The maker hereby expressly waives the defense of the Statute of Limitations, and all other defenses arising out of any lack of diligence in enforcing the pay-ment hereof.

(10)    The laws of the State of New York shall govern this note.

IV.  The maker hereby certifies that he has listed below all of the National Defense Student Loans obtained at other institutions.

### SCHEDULE OF NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|---|
| 1 | | | | |
| 2 | | | | |

### SCHEDULE OF ADVANCES

| | AMOUNT | DATE | SIGNATURE OF MAKER |
|---|---|---|---|
| 1 | 35748 9/14/71 $677.00 | 10, 26 '71 | *(signature)* |
| 2 | 35867 9/20/71 $323.00 | 10, 26 '71 | *(signature)* |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

The maker may, at his option, and without penalty, prepay at any time all or any part of the Amount Financed plus the FINANCE CHARGE accrued to the date of payment.

A. The Amount Financed by this note is _____ $1,000.00 _____

B. The FINANCE CHARGE on this loan, assuming payments are made when due, will be _____ $84.56 _____

C. The Total of Payments (a) & (b) _____ $1,084.56

D. ANNUAL PERCENTAGE RATE _____ 3%

The maker acknowledges receipt of an exact copy of this statement.

_____
DATE

SIGNATURE – MAKER
FRIAS  #75

ADDRESS

# Columbia University in the City of New York | *New York, N.Y.  10027*

## National Direct Student Loan Program

I, __Rosillo, Salvador__ hereinafter called the Maker promise to pay to Columbia University, hereinafter called the lending Institution, located in the City of New York, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below, together with all costs and expenses of collection, including attorney's fees of twenty-five per cent (25%) of the amount then due.

| | Amount | Date | Signature of Maker |
|---|---|---|---|
| | **SCHEDULE OF ADVANCES** | | |
| 1 | $ 460.00 | 8-22-72  39495 | AUG 24 72 |
| 2 | $ 4.00 | 8-22-72  39496 | AUG 24 72 |
| 3 | $ 536.00 | 41326  11-3-72 | NOV - 20 - '72 |
| 4 | $ 500.00 | 12-15-72  42189 | JAN - 02 - 73 |
| 5 | $ 682.00 | 43464  7-16-73 | JUL 20 73 |
| 6 | $ | | |
| 7 | $ | | |
| 8 | $ | | |
| 9 | $ | | |
| 10 | $ | | ROSILLO-DOMINGUEZ*SALVADOR E* |
| 11 | $ | | LOAN NO: 8704020346  01-20-87 |
| 12 | $ | | SSN 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  TD  1 |

The Maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and Federal Regulations pertaining to such Act, copies of which shall be kept by the lending Institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when paragraph III(3) is applicable) 9 months after the date on which the Maker ceases to carry, at an Institution of higher education, or at a comparable Institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or, if the Maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the lending Institution and the Commissioner) quarterly, bimonthly or monthly installments (as determined by the lending Institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this Note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending Institution, become immediately due and payable.

(3) Interest shall not accrue, and installments need not be paid during any period (A) during which the Maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the Maker (I) is on full-time active duty as a member of the armed forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (II) is in service as a volunteer under the Peace Corps Act, or (III) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (VISTA).

(4) If the Maker undertakes service after June 30, 1972, (A) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of section 465(A) (2) of the act as a school with a high enrollment of students from low-income families, or (B) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the Maker undertakes service as a full-time staff member in a preschool program carried on under section 222(A) (1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the Maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12-½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under section 310 of Title 37, United States Code.

(7) The Maker is responsible for informing the lending Institution of any change or changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the Maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the Maker receives or has received other National Direct Student Loans from other Funds authorized by the Act at one or more other lending Institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

IV. This Note shall not be assigned by the lending Institution except, upon transfer of the Maker to another Institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such Institution; provided that assignment may be made to (A) Institutions other than those to which the Maker has transferred or to the United States where the lending Institution ceases to function as an educational Institution and (B) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending Institution shall where appropriate relate to an assignee.

V. The Maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other Institutions.

SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | Amount | Date | Institution | Signature of Maker |
|---|---|---|---|---|
| 1 | $ | | | |
| 2 | $ | | | |
| 3 | $ | | | |
| 4 | $ | | | |

A. The Amount Financed by this note is _____

B. The FINANCE CHARGE on this loan, assuming payments are made when due, will be _____

C. The Total of Payments (a) & (b) _____

D. ANNUAL PERCENTAGE RATE _____

I hereby acknowledge receipt of a copy of this note.

Signature _____    Date _____, 19 ___

Permanent Address _____

# Columbia University in the City of New York | *New York, N.Y.  10027*

## National Direct Student Loan Program

I, __ROSILLO-DOMINGUEZ, SALVADOR EDMUNDO_____ hereinafter called the Maker promise to pay to Columbia University, hereinafter called the lending Institution, located in the City of New York, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below, together with all costs and expenses of collection, including attorney's fees of twenty-five per cent (25%) of the amount then due.

| | SCHEDULE OF ADVANCES | | |
|---|---|---|---|
| | Amount | Date | Signature of Maker |
| 1 | $ 1,500.00 | G1 # 57165  18-7-15 | |
| 2 | $ | | |
| 3 | $ | | |
| 4 | $ | | |
| 5 | $ | | |
| 6 | $ | | |
| 7 | $ | | |
| 8 | $ | | |
| 9 | $ | | |
| 10 | $ | | |
| 11 | $ | | |
| 12 | $ | | |

The Maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note are subject to interpretation shall be construed in the light of such Act and Federal Regulations pertaining to such Act, copies of which shall be kept by the lending Institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when paragraph III(3) is applicable) 9 months after the date on which the Maker ceases to carry, at an Institution of higher education, or at a comparable Institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or, if the Maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the lending Institution and the Commissioner) quarterly, bimonthly or monthly installments (as determined by the lending Institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:

(1) The Maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this Note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending Institution, become immediately due and payable.

(3) Interest shall not accrue, and installments need not be paid during any period (A) during which the Maker is carrying, at an institution of higher education or at a comparable Institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the Maker (I) is on full-time active duty as a member of the armed forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (II) is in service as a volunteer under the Peace Corps Act, or (III) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (VISTA). Any such period in (A) or (B) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

(4) If the Maker undertakes service after June 30, 1972, (A) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of section 465(A) (2) of the act as a·school with a high enrollment of students from low-income families, or (B) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the Maker undertakes service as a full-time staff member in a preschool program carried on under section 222(A) (1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this Note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the Maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12-½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under section 310 of Title 37, United States Code.

(7) The Maker is responsible for informing the lending Institution of any change or changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the Maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the Maker receives or has received other National Direct Student Loans from other Funds authorized by the Act at one or more other lending Institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

IV. This Note shall not be assigned by the lending Institution except, upon transfer of the Maker to another Institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such Institution; provided that assignment may be made to (A) Institutions other than those to which the Maker has transferred or to the United States where the lending Institution ceases to function as an educational Institution and (B) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending Institution shall where appropriate relate to an assignee.

V. The Maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other Institutions.

## SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

|   | Amount | Date | Institution | Signature of Maker |
|---|--------|------|-------------|--------------------|
| 1 | $ |  |  |  |
| 2 | $ |  |  |  |
| 3 | $ |  |  |  |
| 4 | $ |  |  |  |

A. The amount Financed by this note is _____

B. The FINANCE CHARGE on this loan, assuming payments are made when due, will be _____

C. The Total of Payments (a) & (b) _____

D. ANNUAL PERCENTAGE RATE _____

I hereby acknowledge receipt of a copy of this note.

Signature _____          Date _____, 19 _____

Permanent Address _____
(Street or Box Number, City, State, and Zip Code)

EXHIBIT B

## U. S. DEPARTMENT OF EDUCATION
### SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 OF 2

Salvador E. Rosillo
AKA Salvador E. Rosillo-Dominguez
AKA Salvador Rosillo-Dominguez
AKA Salvador Rosillo, Salvador Edmundo
78 Reade St.
New York, NY. 10007-1848
Account No: 451668480

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 11/29/06.

On or about 4/5/71, 9/14/71, 9/20/71, 8/22/72, 8/22/72, 11/3/72, 12/15/72, 7/16/73 and 10/7/75, the debtor executed promissory note(s) to secure loan(s) of $723.00, $677.00, $323.00, $460.00, $4.00, $536.00, $500.00, $682.00 and $1,500.00 from Columbia University in the City of New York at 3.00 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa *et seq*. (34 C.F.R Part 674). The institution demanded payment according to the terms of the notes, and the debtor defaulted on the obligation on 6/2/78. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $5,405.00 principal and interest in the amount of $811.94. This principal and interest together with any unpaid late charges totaled $6,216.94. The loan was assigned to the Department on 1/20/87.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $5,405.00 |
| Interest: | $4,070.98 |
| Fees/Costs: | $   87.00 |
| Late Charges: | $    0.00 |
| Total Debt as of 11/29/06: | $9,562.98 |

Interest accrues on the principal shown here at the rate of $0.44 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on : 12/20/06

Name: Lynda Guttalali
Title: Loan Analyst
Branch: Litigation

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #2 OF 2

Salvador E. Rosillo
AKA Salvador E. Rosillo-Dominguez
AKA Salvador Rossillo-Dominguez
AKA Salvador Rosillo, Salvador Edmundo
78 Reade St.
New York, NY. 10007-1848
Account No: 451668480

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/29/06.

On or about 5/21/73 and 8/22/73, the borrower executed promissory note(s) to secure loan(s) of $4,750.00 and $7,250.00 from Chemical Bank, New York, NY. at 7.00 percent interest per annum. This loan obligation was guaranteed by New York State Higher Education Services Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended. 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/4/78, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $12,572.94 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 CFR 682.410(b)(2), the guarantor charged the borrower interest on the total amount paid to the holder. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 8/24/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $12,572.94 |
| Interest: | $24,627.60 |
| Administrative/Collection Costs: | $    0.00 |
| Penalty Fees: | $    0.00 |
| Total debt as of 11/29/06: | $37,200.54 |

Interest accrues on the principal shown here at the rate of $2.41 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/20/06

Name: _____
Title:    Loan Analyst
Branch: Litigation