UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,              :

              Plaintiff,              :

                            07 Civ. 6027 (JSR)

         - v. -                             :

SALVADOR E. ROSILLO,                   :

             Defendant.              :

--------------------------------------------------------x


### THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE THE CONSENT JUDGMENT


                                        MICHAEL J. GARICA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                        of America.
                                        86 Chambers Street
                                        New York, New York 10007
                                        (212) 637-2710


KATHLEEN A. ZEBROWSKI
Assistant United States Attorney,
     of Counsel.

**TABLE OF CONTENTS**

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT:

       THE DEFENDANT'S MOTION TO VACATE THE
       CONSENT JUDGMENT SHOULD BE DENIED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       A.    Defendant Has Not Demonstrated That He Is Entitled To Relief
            From The Consent Judgment Pursuant to Rule 60(b)(1) . . . . . . . . . . . . . . . . . . . . . 3

       B.    Defendant Has Not Demonstrated That He Is Entitled To Relief
            From The Consent Judgment Pursuant to Rule 60(b)(6) . . . . . . . . . . . . . . . . . . . . . 5

       C.    Defendant Has No Defense on the Merits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

Cases:                                                                                              Page

Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,
605 F.2d 648 (2d Cir. 1979) .................................................... 5

Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994) ........................ 3

Hannah v. Kittay, 589 F. Supp. 1042, 1046 (S.D.N.Y. 1984) ........................... 6

Harman v. Pauley, 678 F.2d 479, 480 (4th Cir. 1982) ................................. 5

Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847 (1988) ....................... 5

Mendell on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724 (2d Cir. 1990), aff'd, 501 U.S. 115
(1991) ...................................................................... 3

Nemaizer v. Baker, 793 F.2d 58 (2d Cir. 1986) ..................................... 4

Nutmeg Fin. Serv., Inc. v. Cowden, 524 F. Supp. 620, 621 (E.D.N.Y.1981) ............... 6

Ovadiah v. New York Association for New Americans, Nos. 95 Civ. 1053 (SS), 96 Civ. 330
(SS), 1997 WL 342411 (S.D.N.Y. June 23, 1997) .................................... 4

Parrilla-Lopez v. United States, 841 F.2d 16, 20 (1st Cir. 1988) ......................... 4

Rem v. Caldrello, No. 89 Civ 8609 (PNL), 1991 WL 123950 (S.D.N.Y. June 27, 1991) ...... 6

Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir. 1967) ....................... 5

United States v. Cirami, 535 F.2d 736, 742 (2d Cir. 1976) ............................. 6

Warren v. Garvin, 219 F.3d 111 (2d Cir. 2000) ..................................... 5

Wagner Spray Tech. Corp. v. Wolf, 113 F.R.D. 50, 53 (S.D.N.Y. 1986) .................. 6


Statutes:

Fed. R. Civ. P. 60(b) ........................................................ 2, 6

Fed. R. Civ. P. 60(b)(1) ...................................................... 3, 4

Fed. R. Civ. P. 60(b)(6) .................................................... 3, 5, 6

PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of the United States of America (the "United States" or the "Government") in opposition to the defendant Salvador E. Rosillo's (the "defendant's") motion to vacate the consent judgment entered in this case on July 26, 2007. As is more fully explained below, the Court should deny the defendant's motion.

STATEMENT OF THE CASE

By letter dated January 10, 2007, the Government notified the defendant that he was indebted to the United States Department of Education in the amount of $46,763.52, arising from defaulted student loans. See Declaration of Kathleen A. Zebrowski dated July 30, 2008 ("Zebrowski Decl."), Exhibit A. The Government demanded full payment in fifteen days, but explained to the defendant that if he was unable to make full payment at that time, he could complete a financial disclosure form.[1] The Government also informed defendant that if he had any questions, he should call the United States Attorney's Office.

By letter dated January 26, 2007, "F. Fernandez, on behalf of Salvador Rosillo" requested that the Government "postpone or severely delay" any legal action against the defendant due to the defendant's health and inability to pay the amount demanded by the Government. See Zebrowski Decl., Exhibit B. In response, the Government mailed the defendant a second financial disclosure form, and again informed him that he should notify the United States Attorney's Office if he had any questions. See Zebrowski Decl., Exhibit C. The Government also requested that the defendant return the form within three weeks. Id.

The defendant did not return the form nor make any other contact with the Government regarding his defaulted student loan. See Zebrowski Decl., ¶7. Accordingly, on June 26, 2007, the Government filed the civil complaint in the instant action. By letter dated July 10, 2007, the Government mailed the defendant a copy of the complaint, a form waiver of

---

[1] The Government included a financial disclosure form with the demand letter. The financial disclosure form included, inter alia, a section for the defendant to make a monthly payment offer toward payment of the debt  See Zebrowski Decl., ¶4.

- 1 -

service of summons and a proposed consent judgment.  See Zebrowski Decl., Exhibit D.  In its letter to the defendant, the Government explained that because he had not responded to its request for financial disclosure, the Government had filed a civil complaint against him.  Id.  In addition, the Government explained that if the defendant wished to avoid being served with the summons and complaint, he should sign and return the form waiver of service of summons.  Id.  Further, the Government informed the defendant that if he wished to enter into a consent judgment he should sign and return the proposed judgment.  Id.  Lastly, the Government again included a financial disclosure form.  Id.

On July 16, 2007, the defendant spoke with Financial Litigation Agent Natalya Yagudayeva.  See Declaration of Natalya Yagudayeva dated July 30, 2008 ("Yagudayeva Decl.") ¶ 3.  Defendant informed Ms. Yagudayeva that he was attempting to consolidate his student loans, and that he would sign and return the waiver and the consent judgment.  See Id.

On July 17, 2007, the defendant signed the waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  See Zebrowski Decl., Exhibit E.  On July 18, 2007, the signed waiver was delivered by hand to the United States Attorney's Office at 86 Chambers Street, New York, New York.  See Yagudayeva Decl., ¶ 4.  On July 24, 2007, the defendant signed the consent judgment before a notary.  See Zebrowski Decl. as Exhibit F.  On July 26, 2007, the Government received and filed the consent judgment.  See Yagudayeva Decl. ¶ 4.  On July 26, 2007, this Court so ordered the consent judgment.

On October 11, 2007, the defendant filed a motion to vacate the consent judgment.

ARGUMENT

THE DEFENDANT'S MOTION TO VACATE THE
CONSENT JUDGMENT SHOULD BE DENIED

Plaintiff's motion is governed by Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides that a party may be relieved from a final judgment, order or

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Only in extraordinary circumstances may a litigant successfully invoke Rule 60(b) to override the finality of a judgment, see Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994), and such a request should only be granted at the court's discretion where without such relief, extreme hardship would result, see Mendell on Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 501 U.S. 115 (1991).

        The defendant, in his motion, includes a laundry list of allegations in an attempt to vacate the judgment, none of which has merit.  Specifically, the defendant claims that the consent judgment should be vacated because he is "a Viet Nam Era veteran;" he was "wounded during the 9/11 attack" and suffers from left side paralysis and a brain infection; he was a high school teacher at a "high risk" school and was almost strangled by one the students; his only income is Social Security payments and he is now seeking "an economic hardship deferment;" and his home attendant tricked him into signing the judgment.[2]

        The defendant does not specify the basis for his request for relief.  Even assuming that defendant's motion is brought under Rule 60(b)(1) or (6) (i.e., the only sections of Rule 60(b) that could possibly apply here) , defendant's motion should be denied.

---

[2] Although the defendant continues to assert that he is unable to make any payments toward his defaulted student loans, he has not responded to the Government's request for financial disclosure.  Moreover, a search of the property records for the City of New York shows that he owns real property on 78 Read Street, New York, New York, and 30 Vernon Avenue, Brooklyn, New York.

A.     Defendant Has Not Demonstrated That He Is Entitled To Relief
From The Consent Judgment Pursuant to Rule 60(b)(1)

Relief under Rule 60(b)(1) for error constituting mistake, surprise, inadvertence or excusable neglect "was not intended to relieve a litigant from the consequences of a . . . conscious decision, however unwise the decision may be in retrospect." Ovadiah v. New York Association for New Americans, Nos. 95 Civ. 1053 (SS), 96 Civ. 330 (SS), 1997 WL 342411 (S.D.N.Y. June 23, 1997) (quoting Parrilla-Lopez v. United States, 841 F.2d 16, 20 (1st Cir. 1988)); see Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("[m]ere dissatisfaction in hindsight with choices deliberately made" does not provide relief under Rule 60(b)(1)).

Here, the defendant claims that he was tricked into signing the consent judgment, but that claim is belied by the undisputed facts in this case. In January 2007, the Government notified the defendant that if he did not make arrangements to pay his defaulted student loans, a civil complaint would be filed against him. See Zebrowski Decl., Exhibit A. One month later, the defendant requested that the Government postpone any legal action against him. Id. at Exhibit B. In response, the Government requested that the defendant provide financial disclosure. Id. at Exhibit C. The defendant did not respond, and the Government filed a complaint. Id. at ¶¶ 7-8. On July 16, 2007, the defendant, upon receiving the complaint, the form waiver of service and the proposed consent judgment, telephoned the United States Attorney's Office and stated that he would sign and return the waiver and consent judgment. See Yagudayeva Decl. ¶3. On July 17, the defendant signed the waiver, and on July 18, the waiver was delivered to the United States Attorney's Office. See Yagudayeva Decl. ¶4. On July 24, one week after signing the waiver of service, the defendant signed the consent judgment before a notary. See Zebrowski Decl., Exhibit F. The Government received the signed consent judgment two days later and filed it in this Court. See Yagudayeva Decl. ¶4.

These facts simply do not support a claim of trickery. The defendant had been aware that the Government was attempting to collect on his defaulted student loans for more than a year. The Government informed the defendant that if he was unable to make arrangements to

pay the debt, it would file a civil complaint against him.  Further, consistent with his statements to the United States Attorney's Office, he signed the waiver of service, and one week later, he signed the consent judgment.  Indeed, the defendant has not explained how he was "tricked" into signing the consent judgment before a notary, or why his "sort of home attendant" would trick him into signing a consent judgment for defaulted student loans.

>    B.    Defendant Has Not Demonstrated That He Is Entitled To Relief
>          From The Consent Judgment Pursuant to Rule 60(b)(6)

Rule 60(b)(6) "applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1) through (5).  See Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000); see also Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 n. 11 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)" )

In order to prevail under Rule 60(b)(6), the defendant must show "extraordinary circumstances or extreme hardship that warrant relief from the judgment.  See Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979).  When a movant is able to demonstrate that the interests of justice dictate, Rule 60(b)(6) "allows a district court to vacate its own final judgment. . . . The Rule gives the Court such authority to accomplish justice and leaves such determinations to its discretion."  Harman v. Pauley, 678 F.2d 479, 480 (4th Cir. 1982).

Nonetheless, as the Second Circuit stated, "Rule 60(b)(6 ) is not a *carte blanche* to cast adrift from fixed moorings and time limitations guided only by necessarily variant consciences of different judges. . . . and may be relied upon only in 'exceptional circumstances.'"  Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir. 1967).  In the instant case, the basis for defendant's motion appears to be a change of heart.  The defendant, after first signing the consent judgment, is now seeking forgiveness of his debt.  However, the defendant's "interest in undoing the results of a consent judgment which, in hindsight, [may have been]

unwise, fails to outweigh the judiciary's interest in the finality of judgments. Wagner Spray Tech. Corp. v. Wolf, 113 F.R.D. 50, 53 (S.D.N.Y. 1986). Thus, the defendant does not state a claim for relief cognizable under Rule 60(b)(6).

    C.    Defendant Has No Defense on the Merits

Even assuming that the defendant had met his burden under Rule 60(b) and he established a basis for vacating the consent judgment, he has failed to show that he has a meritorious defense to the Government's action to collect on the defaulted student loans. See Rem v. Caldrello, No. 89 Civ 8609 (PNL), 1991 WL 123950 (S.D.N.Y. June 27, 1991) (citing United States v. Cirami, 535 F.2d 736, 742 (2d Cir. 1976) (if the movant demonstrates "highly convincing" evidence that the judgment should be vacated under Rule 60(b), he must also establish that "his defense has at least colorable merit").

The defendant does not dispute that he owes the debt. Indeed, the defendant is "grateful for the education that [he] received," and "loves" his alma mater. See Defendant's motion at p. 2.[3]

In sum, the defendant has failed to satisfy any of the requirements to vacate a judgment under Rule 60(b). Moreover, the defendant has not demonstrated that he has a colorable defense on the merits. Accordingly, the defendant's motion to vacate the consent judgment should be denied.

---

[3] The defendant's request for an "economic hardship deferment" is not a defense to the complaint; although defendant maintains it will be a hardship to pay off this debt, he does not dispute that he owes a debt that hi is not repaying. See Hannah v. Kittay, 589 F. Supp. 1042, 1046 (S.D.N.Y. 1984) (granting summary judgment on promissory notes showing indebtedness, notwithstanding defendant's attempts to "frolic and detour" in moving papers); Nutmeg Fin. Serv., Inc. v. Cowden, 524 F. Supp. 620, 621 (E.D.N.Y. 1981) ( [S]ummary judgment is appropriate upon a showing of execution and default.").

## CONCLUSION

For the foregoing reasons, this Court should deny the defendant's motion to vacate the consent judgment.

Dated: New York, New York
July 30, 2008

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the United States
           of America

By:   /s/ Kathleen A. Zebrowski
      KATHLEEN A. ZEBROWSKI
      Assistant United States Attorney
      86 Chambers Street
      New York, New York  10007
      Telephone No.: (212) 637-2710
      FAX No.: (212) 637-2717